IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR HURTADO CERVANTES,<br><br>Petitioner,<br><br>vs.<br><br>L. S. McEWEN, Warden, Calipatria State Prison,<br><br>Respondent. | No. 2:11-cv-01803-JKS<br><br>DISMISSAL ORDER |

Oscar Hurtado Cervantes, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Cervantes is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Calipatria State Prison. Respondent has answered.  Cervantes has not replied.

In July 2006 Cervantes was convicted in the Yolo County Superior Court of two counts of first-degree murder (Cal. Penal Code § 197) and two counts of attempted murder (Cal. Penal Code §§ 187; 664(a)), with enhancements for criminal street gang findings (Cal. Penal Code §§ 186.22(b)(4); 190.2(a)(22)), and aggravated personal use of a firearm (Cal. Penal Code § 12022.53(a), (d)).  The trial court sentenced Cervantes to multiple terms of life without the possibility of parole.  Cervantes timely appealed his conviction and sentence to the California Court of Appeal, Third Appellate District, which reduced Cervantes' term on one count, and affirmed Cervantes' conviction and sentence in all other respects in an unpublished decision,[1] and the California Supreme Court denied review on July 15, 2009.

---

[1] *People v. Olague*, No. C035627, 2009 WL 924503 (Cal. Ct. App. Apr. 7, 2009).

On July 30, 2010, Cervantes filed a petition for habeas relief in the Yolo County Superior Court, which was denied September 21, 2010, as untimely. The California Court of Appeal, Third Appellate District, summarily denied Cervantes' petition in that court without opinion or citation to authority. Cervantes petition for habeas relief in the California Supreme Court was also summarily denied without opinion or citation to authority on May 11, 2011. Cervantes filed his Petition for relief in this Court on June 30, 2011.

In determining entitlement to federal habeas relief, this Court reviews the last reasoned decision by the state court.[2] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[3] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[4]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. "The new petition, however, must be confined to claims raised in the initial petition."[5] If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or

---

[2] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[3] *Ylst*, 501 U.S. at 802-03.

[4] *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[5] *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011) (citing *In re Martinez*, 209 P.3d 908, 915 (Cal. 2009) ("The court has also refused to consider newly raised grounds for relief which were known to the petitioner at the time of a prior attack on the judgment.")).

a petition for review of the court of appeal's denial in the California Supreme Court.[6] This is considered the functional equivalent of the appeal process.[7]

Respondent contends that Cervantes' Petition is untimely. This Court agrees. The California Supreme Court denied review on July 15, 2009. Cervantes' conviction became final on direct review 90 days later when his time to file a petition for *certiorari* in the Supreme Court expired,[8] October 13, 2009. 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As relevant to this case, the two provisions of § 2244 involved are (d)(1)(A) (date the judgment of conviction became final) and (d)(2) (exclusion of the time during which a State post-conviction proceeding is pending).[9] An untimely petition is subject to dismissal.[10]

---

[6] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[7] *Id.* at 222.

[8] *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Randle v. Crawford*, 604 F.3d 1047, 1055-57 (9th Cir. 2010).

[9] Because Cervantes has not replied, he has not raised equitable tolling.

[10] *Day v. McDonough*, 547 U.S. 198, 201 (2006).

It is clear that the Petition was filed well more than a year after Cervantes' conviction became final. It is also clear that, if the time between the date Cervantes filed his initial petition for habeas relief in the Yolo County Superior Court and its final denial by the California Supreme Court is tolled, the Petition is timely. The Yolo County Superior Court denied Cervantes relief, holding: "Petitioner's petition was filed four years after he was sentenced. He fails to show why he has delayed in seeking relief. Unjustified delay in seeking relief is also a bar to consideration of the merits of the claims in a petition for a writ of habeas corpus. (*In re Robbins* (1998) 18 Cal.4th 770 [959 P.2d 311].)"[11] This Court is bound by the state court's determination that Cervantes' petition for state habeas relief was untimely under state law.[12] An untimely petition for state post conviction relief is not "properly filed," and therefore it does not toll the limitations period.[13] Consequently, because Cervantes did not file his Petition within one year of the date his conviction became final, it is untimely under § 2244(d) and it must be dismissed.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, as untimely.

---

[11] Yolo County Superior Court Order Denying Petition for Writ of Habeas Corpus [Lodged Document]. Under California court policy, a petition for a writ of habeas corpus is untimely unless filed "within 90 days after the final due date for the filing of appellant's reply brief on direct appeal" *Robbins*, 959 P.2d at 320 (internal quotation marks and citations omitted).

[12] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

[13] *Allen v. Seibert*, 552 U.S. 3, 5 (2007) (per curiam) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[14] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[15]

The Clerk of the Court is to enter judgment accordingly.

Dated: October 3, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[14] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 325, 327 (2003))).

[15] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.